IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 17-cr-04045-BCW-1 |
| DARREN WADE LASLEY, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Darren Wade Lasley's Motion to Suppress Evidence. (Doc. 65). The Government filed suggestions in opposition. (Doc. 77). The motion is now ripe for consideration. For the reasons that follow, it is recommended Defendant's motion be denied.

### I. Findings of Fact

Defendant was arrested in June 2017 after allegedly exchanging explicit emails with a minor on Craigslist and attempting to meet with the minor to engage in sexual intercourse. (Doc. 65-1). In reality, the Craigslist post originated from the Boone County Sherriff's Department Cyber Crimes Task Force. *Id.* After being Mirandized, Defendant purportedly admitted he intended to engage in sexual intercourse with the decoy minor. *Id*

In August 2017, a search warrant was issued for Defendant's Gmail account after the account was identified as the email address used to contact the Craigslist decoy. *Id.* The warrant sought in part "[t]he contents of all emails associated with the account." *Id.* Activity on the Gmail account spanned from January 13, 2017, to August 4, 2017, and included email correspondence with the decoy as well as other explicit communications with Craigslist posters. *Id.* Thereafter Defendant filed the instant motion to suppress evidence seized from the execution of the search

warrant. (Doc. 65). Both parties represented that no hearing on the motion was necessary. The Court, in its discretion, agreed and declined to hold an evidentiary hearing.[1]

## II. Discussion

Defendant argues the search warrant for his Gmail account violated the particularity requirement of the Fourth Amendment. In response, the Government contends the warrant adequately limited the scope of the search.

The Fourth Amendment requires a search warrant to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The particularity requirement is a standard of practical accuracy rather than a hypertechnical one." *United States v. Fiorito*, 640 F.3d 338, 346 (8th Cir. 2011) (citations and internal marks omitted). "[W]hether a warrant fails the particularity requirement cannot be decided in a vacuum. The court will base its determination on such factors as the purpose for which the warrant was issued, the nature of the items to which it is directed, and the total circumstances surrounding the case." *Id.* (quoting *Milliman v. Minnesota*, 774 F.2d 247, 250 (8th Cir. 1985) (internal citation omitted)).

Caselaw that challenges the search of an entire email account due to a lack of particularity is sparse in the Eighth Circuit. However, District Courts have found that "so long as a warrant [1] specifies with particularity what evidence the Government intends to seize, [2] establishes probable cause that the evidence is connected to a specific criminal statute, and [3] includes some limitations (such as a date range) to prevent the potential of a general search, the warrant meets the Fourth Amendment particularity requirement." *United States v. Henshaw*, No. 15-00339-01-CR-W-BP, 2017 WL 1148469, at *5 (W.D. Mo. Feb. 24, 2017), *report and recommendation adopted*, No. 15-00339-01-CR-W-BP, 2017 WL 1147494 (W.D. Mo. Mar. 27, 2017) (quoting *In*

---

[1] The Court has discretion when deciding whether to hold an evidentiary hearing on a motion to suppress. *United States v. Hardison*, 859 F.3d 585, 589 (8th Cir. 2017) (citing *United States v. Losing*, 539 F.2d 1174, 1177 (8th Cir. 1976)). The "decision whether to hold an evidentiary hearing depends on the particular facts and circumstances of each case." *Compare United States v. Golden*, 418 F. Supp. 3d 416, 420 (D. Minn. 2019) (explaining a hearing was necessary where the Government "sought to meet its burden by relying solely on a set of exhibits whose relevance and authenticity were open to question") *with Losing*, 539 F.2d at 1177 (suppression hearing unnecessary when no factual dispute exists and suppression can be decided as a matter of law).

Here, an evidentiary hearing is unnecessary. Defendant's motion to suppress concerns a Fourth Amendment challenge to the particularity of the search warrant at issue. The facts underlying the motion to suppress are not in dispute and the issue of suppression may be decided as a matter of law. It does not appear the Government or Defendant would call any witnesses or offer any exhibits relevant to Defendant's procedural challenge. The search warrant and affidavit at issue are already part of the record (Doc. 65-1), and the parties have fully briefed the issue. Additionally, the Court notes both the Government and Defendant believe a hearing on this matter would be unnecessary. The Court accordingly declines to conduct a hearing on Defendant's motion to suppress.

*the Matter of the Search of Information Associated with Email Addresses Stored at Premises Controlled by the Microsoft Corporation*, 2016 WL 5410401 at *9 (D. Kan. 2016) (compiling cases)). Other courts have found search warrants for entire email accounts unconstitutional where no date restriction is included, *In re [REDACTED] @gmail.com*, 62 F.Supp.3d 1100, 1104 (N.D. Cal. 2014), no particular criminal statute is referenced, *United States v. Barthelman*, No. 13–10016–MLB, 2013 WL 3946084, *11 (D. Kan. July 31, 2013), or no limitations are included on what evidence to seize, *United States v. Otero*, 563 F.3d 1127 (10th Cir. 2009).

Here, the Court recommends finding the search warrant for Defendant's email account complied with the Fourth Amendment. First, the warrant's language–which is similar to that in *Henshaw*–met the particularity requirement of the evidence to be seized by describing the information sought from Google. 2017 WL 1148469, at *2. Google was required to disclose essentially all contents of Defendant's Gmail account. From this disclosure, investigators were authorized to seize only the "fruits, contraband, evidence and instrumentalities of violations of 18 U.S.C. § 2422(b)," including communications or identifying information related to Craigslist postings, the geographic and chronological context of account use related to the instant crime, and Defendant's state of mind relating to the instant crime. Such evidence was described with adequate particularity. *See Henshaw*, 2017 WL 1148469, at *1.

Second, the warrant established probable cause for the coercion and enticement of a minor. The warrant explained that Defendant's email was used to communicate with the underage decoy on Craigslist. As noted above, many of these communications were sexually explicit and culminated in Defendant's request to meet for a sexual encounter. The warrant also explicitly cited the relevant statute, 18 U.S.C. § 2422(b).

Third and finally, the warrant was sufficiently limited in this case. While Defendant argues the warrant should have only targeted emails from a specific one-week date range, the Court notes the Gmail account at issue was created in January 2017, less than seven months before the warrant's execution. The relatively new creation of the account dispelled the danger of a general search in this case. The investigation included a recently created email address, sexually explicit email correspondence between the adult Defendant and a decoy minor, and an exchange of photographs between the adult Defendant and a decoy minor. Although such communications lasted only a week, common sense dictates other relevant evidence of the crime was likely to exist beyond such a limited timeframe. Indeed, the Government points to potential Federal Rule of

Criminal Procedure 404(b) evidence uncovered from the search that it will seek to introduce at trial. Accordingly, the Court believes the disclosure of what amounts to seven months of emails was an adequately particularized timeframe given the nature of the offense and the type of evidence sought.[2]

### III. Conclusion

For the reasons above, the Court concludes that Defendant's arguments regarding evidence suppression in this case are without merit, and the Motion to Suppress should be denied.

Accordingly, IT IS THEREFORE RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant Darren Wade Lasley's Motion to Suppress. (Doc. 65).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 8th day of July, 2020, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

---

[2] Even if the warrant did not comply with the Fourth Amendment, it appears the search fell under the good faith exception to the exclusionary rule. Defendant has not briefed this issue. Regardless, the exclusionary rule is inapplicable so long as an officer relies on a magistrate's finding of probable cause in good faith. *United Stated v. Leon*, 468 U.S. 897, 923 (1984); *United States v. Cannon*, 703 F.3d 407, 412 (8th Cir. 2013). However, the good faith exception does not apply [1] when an affiant intentionally lies in an affidavit; [2] "where the issuing magistrate wholly abandoned [her] judicial role; [3] where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and [4] when "a warrant may be so facially deficient–i.e., in failing to particularize the place to be searched or the things to be seized–that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923 (internal marks and citations omitted).

Here, there is no evidence or accusation the affiant intentionally lied, the magistrate judge abandoned her role, or the affidavit lacked probable cause. Additionally, while Defendant has argued the warrant lacked particularity, the warrant was not so facially deficient that officers could not reasonably rely upon it. Instead, the warrant specifically named the email account to be searched and evidence within to be seized. The Court thus believes the search was valid even if the warrant was defective.